[860 NYS2d 570]

# In the Matter of MARIO F. ROLLA, an Attorney, Resignor.

Second Department, June 10, 2008

**APPEARANCES OF COUNSEL**

*Mario F. Rolla*, Worcester, Massachusetts, resignor pro se.

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Mario F. Rolla has submitted an affidavit dated December 18, 2007, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Rolla was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on December 7, 1959.

Mr. Rolla avers that he has not practiced law in New York State for approximately 10 to 15 years. He now submits his affidavit of resignation in light of his plea of guilty on March 22, 2007, to an information charging him with conspiracy to violate the Clean Air Act (42 USC § 7401 et seq.), in violation of 18 USC § 371, before the Honorable David N. Hurd in the United States District Court for the Northern District of New York.

Mr. Rolla acknowledged his obligation, pursuant to Judiciary Law § 90 (4) (c), to timely provide the Court with a record of his conviction. To that end, he submitted a copy of the information and the plea (and cooperation) agreement to the Court. The circumstances leading to Mr. Rolla's plea are detailed in the agreement.

In essence, Mr. Rolla contracted for the removal of asbestos from a manufacturing plant in Massachusetts, owned and operated by a company of which he was an officer, without taking appropriate steps to insure that the work would be performed in accordance with federal requirements. The removal did not conform to United States Environmental Protection Agency procedures in terms of labeling and containment. Substantial asbestos remnants were left behind, no decontamination units were utilized, and no air monitoring was performed.

In August 2005, a similar arrangement was made with respect to the company's three structures in New York, notwithstanding prior warnings by the Federal Occupational Safety and Health Administration (hereinafter OSHA) about the presence of asbestos therein.

The sentencing memorandum of October 18, 2007, prepared by the United States Attorney for the Northern District of New York, recommended that the court grant substantial leniency to the respondent for his cooperation with the government in relation to criminal prosecutions and his efforts to ensure that a full cleanup was obtained.

Mr. Rolla avers that his resignation is submitted freely and voluntarily, with a full awareness of its implications, and without being subjected to coercion or duress.

On March 22, 2007, Mr. Rolla entered a plea of guilty to a one-count information charging him with conspiracy to violate

the Clean Air Act, in violation of 18 USC § 371. He acknowledges that as a consequence of his plea, he would likely be subject to investigation and disciplinary proceedings.

Mr. Rolla is 76 years old and notes that he has never previously been accused or convicted of a crime or accused of having misappropriated any client funds. He is aware that this Court, in any order permitting him to resign, could require him to make monetary restitution to any person or persons whose money was misappropriated or to reimburse the Lawyers' Fund for Client Protection for the same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto. Mr. Rolla affirmed that he will permanently desist and refrain from the practice of law in any form.

Mr. Rolla was sentenced by the Honorable David N. Hurd on November 1, 2007, to five years of probation on count one of the information, a $100 special assessment, and a $40,000 fine, due immediately. The Grievance Committee supports acceptance of the proffered resignation as in the best interests of the public and the most expeditious way to conclude this matter in order to save the Court's time and expense while protecting the public.

Inasmuch as the resignation complies with all pertinent court rules, it is accepted, Mario F. Rolla is disbarred, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and FLORIO, JJ., concur.

Ordered that the resignation of Mario F. Rolla is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mario F. Rolla is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Mario F. Rolla shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mario F. Rolla is commanded to desist and refrain

from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Mario F. Rolla has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).